Case 2:14-cv-01037-WJM-MF   Document 12   Filed 09/15/14   Page 1 of 4 PageID: 315

y

NOT FOR PUBLICATION

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWIDE, INC.,** | Civil Action. No. 14-1037 (WJM) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| **AKSAR CORPORATION and AJESH H. PATEL,** | |
| Defendants. | |

**THIS MATTER** comes before the Court on Plaintiff's motion for default judgment against Defendants Aksar Corporation and Ajesh H. Patel pursuant to Federal Rule of Civil Procedure 55(b)(2). Defendants entered into a franchise agreement with Plaintiff, and the Complaint alleges that Defendants have breached that agreement.

Plaintiff commenced this action on February 19, 2014. ECF No. 1. Plaintiff served the Complaint on Defendants on March 1, 2014. ECF No. 5. The time for Defendants to answer or otherwise respond to the Complaint expired. *See* Fed. R. Civ. P. 12(a). To date, Defendants have failed to answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a

1

Default against Defendants on March 27, 2014. ECF No. 6. Plaintiff served Defendants with notice of the motion for default judgment on August 18, 2014 and filed the motion for default judgment on August 19, 2014. ECF No. 11. No opposition has been filed.

The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states, and there is an amount in controversy exceeding $75,000. The court has personal jurisdiction pursuant to the franchise agreement, in which Defendants consented to personal jurisdiction and venue in the state courts of New Jersey and the United States District Court for the District of New Jersey. Affidavit of Suzanne Fennimore, Exhibit A at Section 17.6.3.

The mere fact of default does not entitle Plaintiff to judgment. To enter a default judgment, the court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Once a cause of action has been established, the district courts must make explicit factual findings as to three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (*citing Emcasco Ins. Co. v. Sambrick*, 834 F.2d

71, 74 (3d Cir. 1987)). Although the facts plead in the Complaint are accepted as true, Plaintiff must prove damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

At the outset, the Complaint states a cause of action for breach of contract by alleging that Defendants entered into a valid franchise agreement with Plaintiff, that Defendants breached this agreement, and that Plaintiff suffered resulting damages. *See Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div. 1985) ("the essential elements of a cause of action for a breach of contract: a valid contract, defective performance by the defendant, and resulting damages.").

The court also finds that the facts alleged and the exhibits attached merit entry of a default judgment. <u>First</u>, the court finds that there is no basis for Defendants to claim a meritorious defense, as Plaintiff provided ample evidence that Defendants entered into and then breached a franchise agreement with Plaintiff. *See Days Inns Worldwide, Inc. v. LT Hospitality, Inc.*, No. 10-6125, 2011 U.S. Dist. LEXIS 76459, at *5-6 (D.N.J. July 14, 2011). <u>Second</u>, it is clear that Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). <u>Third</u>, where, as here, Defendants have failed to respond, there is a presumption of culpability. *See*

3

*Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The court further finds that Plaintiff has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b), and has submitted a reasonable request for attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2.

For the foregoing reasons and for good cause shown;

**IT IS** on this 15th day of September 2014, hereby,

**ORDERED** that Plaintiff's motion for default judgment is hereby granted; and it is further

**ORDERED** that the Clerk shall enter final judgment in favor of Plaintiff and against Defendants in the total amount of $301,421.67, comprised of the following:

    (1) $167,843.65 in recurring fees (including prejudgment interest);

    (2) $129,246.76 in liquidated damages (including prejudgment interest); and

    (3) $4,331.26 in attorneys' fees and costs.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**